## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

### v.

## WATSON STANDARD COMPANY, Defendant.

### Civ. A. No. 86–1206.

United States District Court,
W.D. Pennsylvania.

Feb. 18, 1988.

Cheryl A.P. Rollins, Reginald L. Sydnor, Philadelphia, Pa., for E.E.O.C.

Timothy Hewitt, Latrobe, Pa., for defendant.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

I have before me a Motion for Reconsideration of this court's Order dated September 22, 1987 denying Defendant's Motion for Summary Judgment, 119 F.R.D. 631.

■ In its original Motion for Summary Judgment, the Defendant provided this court and opposing counsel with copies of an unpublished decision, *Carney v. All Saints Hospital*, 813 F.2d 396 (3rd Cir. 1987). The Defendant cited this case in an attempt to pursuade this court to grant Summary Judgment in favor of the defendant. This court was pursuaded by *Carney*, but in a way that the defendant did not anticipate.

At the time of the decision denying Summary Judgment, this court was aware that *Carney* was an unpublished decision. However, because there were no published cases that served as well, this court found the logic in *Carney* persuasive enough to deny Summary Judgment because there might have been a question of fact. Now, the Defendant comes before this court and asks it to reconsider its decision because the decision with which the Defendant attempted to persuade the court is an unpublished decision and, therefore, of no precedential· value.

In the Third Circuit, there is no rule regarding citation of unpublished opinions. Thus, this court must be governed by its own conscientious consideration of the law and the facts as they apply to each other and to this case. This court may be persuaded by an unpublished opinion, particu-

larly when the published decisions will not serve as well.

However, it is not so much the fact that the decision is unpublished, as that counsel submitted it to this court believing it to be authoritative, and it just happens that this court is in accord with that unpublished case. Therefore, it is a little late for the Defense counsel to renege on its original argument while, in the bargain of it all, his second argument has no merit. In any event, this court would have made the same decision, even without considering the unpublished decision furnished by Defense counsel.

■ The Defendant's next assertion in his Motion for Reconsideration is that affidavits supplied to the court by the Assistant to the Director of Compliance Commission directly contradict a publication printed by the Pennsylvania Human Relations Commission entitled *Guide for Complainants* which was most recently published in May, 1987, a copy of which was attached to the Motion for Reconsideration as Exhibit 2. The Defendant states that on the basis of this inconsistancy, the affidavits supplied by Mr. Sullivan must be discredited and this court must find that no timely charge was "initially instituted" with the Pennsylvania Human Relations Commission, and Defendant's Motion for Summary Judgment must be granted. The Defendant gives no reason or authority as to why the affidavit of Neil Sullivan, PHRC Compliance Manager, should be discredited by a pamphlet dated some time after the actions complained of in the instant case. No foundation is laid for this pamphlet and, additionally, Defendant makes no explanation as to why a pamphlet published in 1987 should govern the procedures of an agency prior to the time in which the pamphlet was published. Even if this pamphlet is relevant and existed at the time of the Plaintiff filing with the PHRC, it is still a question of fact as to whether or not this case should be thrown out of court on the basis of the PHRC's alleged failure to process a complaint in accordance with that pamphlet. To accept the Defendant's argument and grant Summary Judgment would mean that all Plaintiffs who, in good faith, submitted their complaints to the PHRC would be barred from actions in Federal Court because PHRC allegedly did not correctly handle the complaints.

The question before me now is not whether the Plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Rule 56(c) of the Federal Rules of Civil Procedure permits Summary Judgment where there is no issue as to any material fact. Thus, it is obvious that the Defendant's Motion for Reconsideration is frivolous because there are questions of fact. Since there are questions of fact to be determined in this case, the Defendant's Motion for Reconsideration will be denied. As for the request by opposing counsel for attorney fees because the Motion is frivolous, this matter will be determined after the case as a whole has been decided.

### ORDER

AND NOW, TO–WIT, this 18th day of February, 1988, it hereby ordered that the Defendant's Motion for Reconsideration is hereby denied, and as the Defendant has failed to file a Pretrial Statement as of February 18, 1988, the Defendant is hereby ordered to file the same on or before February 29, 1988.